ORIGINAL

FILED
U.S. DISTRICT COURT

2009 JUL 29 AM 8:31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALBERT C. BADGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-105 |
| | ) | |
| CHERYL PARSONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at the Treutlen Probation Detention Center ("Treutlen") in Soperton, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendants' pre-answer motion to dismiss. (Doc. no. 13). Plaintiff has not responded to Defendants' motion,[1] and thus the Court deems the motion unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and that this civil action be **CLOSED**.

### I. BACKGROUND

In his complaint, Plaintiff names the following individuals as Defendants: (1) Cheryl Parsons, Superintendent of Treutlen; (2) Van Harris, Assistant Superintendent of Treutlen;

---

[1] When no response was filed, the Court specifically informed Plaintiff that if he failed to respond to Defendants' motion to dismiss, the motion would be deemed unopposed and provided Plaintiff additional time to file the necessary responsive documents. (Doc. no. 14, p. 3).

(3) Alfred McRae, Lieutenant; and (4) FNU Lyles, Sergeant. Plaintiff contends that these Defendants violated his First Amendment right to free practice of religion based on their alleged refusal to allow him to adhere to various tenets of his Islamic faith. (See generally doc. no. 1). Specifically, Plaintiff alleges that during the month of Ramadan, the month of fasting in Islam, he twice requested that Defendant Harris assign him to a lighter work detail so that he could appropriately observe the tenets of his religion. (Id. at 5). In addition, Defendant Parsons allegedly refused to allow Plaintiff to pray at the required times and instead required him to perform his work detail. (Id. at 6). Plaintiff further contends that Defendants Parsons, Harris, McRae, and Lyles have "refused to substitute the pork entree in the meals served . . . for Muslims," despite his requests for a substitution, and that the pork that was served was cold. (Id. at 5-6). Finally, Plaintiff alleges that Defendant Parsons refused to honor the Muslim feast day of Eid ul-Fitr, the Muslim holiday that marks the end of the holy month of Ramadan. (Id. at 6).

With regard to exhaustion of administrative remedies, Plaintiff simply states that he filed a grievance "against the violation commit[t]ed by all [D]efendants," without describing the specific issues raised in the grievance. (Id. at 3). Plaintiff further states that nothing was done and that he was threatened with punishment and placement in isolation after he filed the grievance. (Id.). At the same time, Plaintiff reports that he was able to appeal the denial of his grievance to the highest level of the administrative process by leaving a message with a Georgia Department of Corrections ("GDOC") employee but that no one responded to his message. (Id. at 4).

The Court authorized Plaintiff's work detail claim against Defendants Harris and Parsons and his meal claim against Defendants Harris, Parsons, McRae, and Lyles, as well as his claim against Defendant Parsons for her alleged refusal to honor a Muslim holiday. (See doc. no. 8). Defendants now seek to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies, mootness, and failure to make a prior showing of physical injury. (See doc. no. 13). Defendants argue that with respect to Plaintiff's work detail claim, Plaintiff has failed to exhaust his administrative remedies because he did not file any grievance regarding this claim. (Id. at 5-8). As to Plaintiff's remaining claims regarding his meals containing pork and Defendant Parsons' alleged refusal to honor a Muslim holiday, Defendants argue that (1) Plaintiff's requests for injunctive relief[2] are moot because he is no longer incarcerated at Treutlen, and (2) he has failed to state a claim for monetary damages because he has made no prior showing of physical injury. (Id. at 8-10). As noted above, Plaintiff has not responded to Defendants' motion, and the Court resolves the matter as follows.

## II. DISCUSSION

### A. Dismissal Based on Failure to Exhaust

#### 1. Applicable Legal Standard for Exhaustion

Where a defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, as Defendants have here, the Eleventh Circuit has laid out a two-

---

[2]Specifically, Plaintiff has requested that Defendants be removed from their jobs and prosecuted for their alleged misconduct. (Doc. no. 1, p. 7). As discussed more fully below, Plaintiff's request that Defendants be prosecuted "by [the] required laws" is actually a request for mandamus, not injunctive, relief. (Id.).

3

step process for courts to use in resolving such motions.

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.
>
> . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues. . . . The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings, the prisoner has exhausted his available administrative remedies.

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 129 S. Ct. 733 (U.S. Dec. 8, 2008)). Where exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

### 2. Administrative Grievance Process

Within the GDOC, the administrative grievance process for probation center detainees is governed by SOP IIE06-0001.[3] By way of background, the Court notes that a detainee's grievance is considered at three levels: first by the Grievance Coordinator, then by the Superintendent of the detention center, and finally by the Director of Facilities

---

[3] A copy of this SOP was submitted with Defendants' motion to dismiss as Attachment 1-A.

4

Operations or other designee. SOP IIE06-0001 § VI(B). More specifically, if a detainee is unable to resolve his problems informally with probation center staff, the administrative grievance process commences when the detainee completes and returns a grievance form to the Grievance Coordinator. Id. § VI(D) & F(1). The Grievance Coordinator has 10 days from the date the grievance is received to respond. Id. If the detainee is not satisfied with the response, then he may appeal in writing to the Superintendent. Id. § VI(E). The Grievance Coordinator is responsible for delivering the disputed grievance to the Superintendent, who has 10 days to respond to the detainee's appeal. Id. If the detainee is still dissatisfied with the response, he may then appeal the decision in writing to the Director of Facilities Operations or other designee, the third and final level of the grievance process. Id. The Director or other designee has 20 days to respond to the detainee's appeal and return the grievance to the Grievance Coordinator, who is responsible for relaying the final response to the detainee within 2 working days of receipt. Id. The grievance process is complete when this final response is relayed to the detainee. Id.

### 3. Failure to Exhaust Administrative Remedies

Defendants have moved to dismiss Plaintiff's work detail claim against Defendants Harris and Parsons based on failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies

to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Indeed, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1155, 1156 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155). Finally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

With that background in mind the Court turns to the Burnside test set forth *supra* and therefore looks first to Defendants' factual allegations. See Burnside, 541 F.3d at 1082-83. Here, Defendants state that Plaintiff did not file any grievance with respect to his work detail claim. (Doc. no. 13, p. 8). Plaintiff has not responded to these statements, and thus there is no conflict as to whether Plaintiff exhausted his administrative remedies. Accordingly, the Court finds that Plaintiff did not exhaust his administrative remedies with respect to his work detail claim, and thus the motion to dismiss should be granted as to this claim against Defendants Harris and Parsons.

Even if the Court were to consider Plaintiff's statements in his complaint regarding exhaustion, Defendants Harris and Parsons would still be entitled to dismissal of Plaintiff's work detail claim. Plaintiff alleges in his complaint that he filed a grievance and appealed to the highest possible level in the administrative remedy process. (Doc. no. 1, pp. 3-4).[4] However, in the section of the complaint asking Plaintiff to explain the result of his appeal, Plaintiff elaborates that he appealed the denial of his grievance by leaving a message with a woman he identifies as "Ms. Sandra Battler," who Plaintiff simply states works for the GDOC. (Id. at 4). Even accepting these statements as true, Plaintiff has not demonstrated that he properly exhausted his administrative remedies. As noted above, the SOP provides that the proper process for obtaining review of the denial of a grievance is to appeal in writing to the Superintendent, and then if necessary, to the Director of Facilities Operations or other designee. See SOP IIE06-0001 § VI(E). Plaintiff did not properly exhaust his

---

[4]As noted above, Plaintiff does not report in his complaint the issues he raised in his grievance. However, for the sake of argument, the Court proceeds with the understanding that the grievance Plaintiff describes in his complaint included his work detail claim.

7

administrative remedies simply by leaving a message with a GDOC employee. Therefore, even utilizing Plaintiff's statements in his complaint, the record reflects that the parties' versions of the facts do not conflict, as Plaintiff admits that he did not follow the SOP for detainees at Treutlen and thus did not properly exhaust his administrative remedies. See Woodford, 548 U.S. at 90-92 (noting that the PLRA "requires proper exhaustion" and that a prisoner must "us[e] all steps" in the administrative process to properly exhaust his administrative remedies). Accordingly, Defendants Harris and Parsons are still entitled to dismissal of Plaintiff's work detail claim.[5]

In sum, the Court finds that under the Burnside test, Plaintiff has failed to properly exhaust his administrative remedies within the GDOC as to his work detail claim. Accordingly, the motion to dismiss should be granted with respect to this claim against Defendants Harris and Parsons.

---

[5]The Court is aware of Plaintiff's allegation that after he filed his grievance, he was threatened with punishment and placement in isolation. (Doc. no. 1, p. 3). As the Court has noted *supra*, the plain language of § 1997e(a) forbids any inquiry except into whether administrative remedies are "available." Of course, those federal courts to consider the issue have held that threats of violent reprisal can, under certain circumstances, render administrative remedies "unavailable" or otherwise justify an inmate's failure to pursue them. See, e.g., Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004). More generally, courts have held that prison officials may, as a result of their own conduct, become equitably estopped from relying upon § 1997e(a).

However, in order to demonstrate that administrative remedies were unavailable, Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of futility" no excuse for failure to exhaust administrative remedies). Plaintiff cannot show that administrative remedies were unavailable simply by making a blanket allegation without any supporting evidence. In this regard, it is not improper for the Court to demand some evidence beyond Plaintiff's own self-serving statements showing that administrative remedies were not available. See Kozuh v. Nichols, 185 Fed. App'x 874, 876 (11th Cir. 2006). Here, Plaintiff has not presented anything other than his own self-serving allegation that he could not exhaust his administrative remedies, which is insufficient to establish that such remedies were unavailable.

### B. Dismissal of Remaining Claims

Defendants contend that Plaintiff's remaining claims that he was served pork and that Defendant Parsons refused to honor a Muslim holiday are due to be dismissed because (1) Plaintiff's requests for injunctive relief[6] are moot since he has been released from Treutlen, and (2) he may not receive monetary damages, as he has made no prior showing of physical injury. As noted above, Plaintiff has not filed any response refuting these arguments.

#### 1. Applicable Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim presented by a *pro se* litigant like Plaintiff should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept

---

[6]As alluded to in note 2 above and discussed more fully below, Plaintiff has actually requested both injunctive and mandamus relief.

as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the motion at hand.

2.  **Plaintiff's Claims for Injunctive and Mandamus Relief**

First addressing Plaintiff's claim for injunctive and mandamus relief, Plaintiff specifically requests that Defendants "be removed from their job[s] and prosecuted by [the] required laws for their violations." (Doc. no. 1, p. 7). As to Plaintiff's request that Defendants be terminated from their positions, Defendants argue that this request is moot because Plaintiff is no longer incarcerated at Treutlen. (Doc. no. 13, pp. 8-9). To begin, the Court notes that a party moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).

Here, Plaintiff cannot show that an irreparable injury will occur unless Defendants are removed from their jobs because he is no longer incarcerated at Treutlen. (See doc. no. 1, Ex. 2); cf. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (noting that a past constitutional injury is insufficient to satisfy Article III's "case and controversy" requirement because a litigant must also show a present and continuing threat of repeated injury). Thus, Plaintiff's request that Defendants be removed for their jobs is moot because Plaintiff has

been released from the facility where the alleged unconstitutional conduct occurred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984).

In addition, Plaintiff's request that Defendants be prosecuted for their alleged unconstitutional conduct is actually a request for mandamus relief, which is only proper if "(1) [Plaintiff] can show a clear right to the relief sought; (2) [Defendants] have a clear, non-discretionary duty to act; and (3) no other remedy is available." Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003) (*per curiam*) (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984)). Here, Plaintiff cannot show that he is entitled to the relief he seeks because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (*per curiam*) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). As Plaintiff cannot demonstrate that he has a clear right to demand the prosecution of Defendants, he is not entitled to mandamus relief.

In sum, even accepting Plaintiff's allegations as true and drawing all reasonable inferences in favor of Plaintiff, his remaining claims do not provide a basis for injunctive or mandamus relief because he has been released from Treutlen and he has no "judicially cognizable interest" in the prosecution of Defendants.

### 3. Plaintiff's Claims for Monetary Damages

Turning next to Plaintiff's requests for monetary damages for "pain and suffering," the PLRA "precludes a prisoner from bringing a federal civil action 'for mental or emotional injury suffered while in custody without a prior showing of physical harm.'" Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (quoting 42 U.S.C. § 1997e(e)). The PLRA applies

11

to all claims in federal court brought by prisoners, including constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*), *cert. denied* 532 U.S. 1065 (2001).

Here, as Plaintiff has not alleged any physical injury from the "pain and suffering" that may have been caused by being served pork or Defendant Parsons' refusal to honor a Muslim feast day, he cannot bring a claim for compensatory or punitive damages[7] in federal court. See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (noting that punitive damages may not be recovered under the PLRA for pure emotional injury); Hughes, 350 F.3d at 1162 (finding that compensatory damages are not recoverable under the PLRA for emotional distress); see also Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005) (holding that prisoner's First Amendment retaliation claim was barred by § 1997e(e)); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (collecting cases applying § 1997e(e) to First Amendment cases). Once again, even accepting Plaintiff's allegations as true and drawing all reasonable inferences in favor of Plaintiff, his remaining claims do not provide a basis for monetary relief because he has made no prior showing of physical injury as required by the PLRA.

---

[7]The Court is aware that § 1997e(e) does not thwart claims for nominal damages. Hughes, 350 F.3d at 1162. However, Plaintiff has not requested nominal damages, but instead only seeks compensation for his "pain and suffering." (Doc. no. 1, p. 7).

12

## III. CONCLUSION

In sum, the Court finds the following: Plaintiff failed to exhaust his administrative remedies with respect to his work detail claim; Plaintiff is not entitled to injunctive or mandamus relief on his remaining claims that he was served pork and that Defendant Parsons refused to honor a Muslim holiday because he has been released from Treutlen and has no "judicially cognizable interest" in the prosecution of Defendants; and finally, Plaintiff is not entitled to monetary damages on his remaining claims, as he has failed to make any prior showing of physical injury. Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE